UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES BERNARD TILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-1844 CAS |
| | ) |
| HUSSMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motions to dismiss and for judgment on the pleadings and plaintiff's motions to stay and for appointment of counsel.

**I. Background**

Plaintiff Charles Tillman filed this action, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, against defendants Hussman Corporation, United Steelworkers of America Local 9014 ("Local 9014"), Don Gant, and Kim Miller alleging that he was terminated due to racial discrimination. Defendant Don Gant has filed a motion to dismiss asserting that he should be dismissed as a defendant because plaintiff has not alleged any wrongdoing by Gant and that employees are not individually liable under Title VII. Defendants Hussman Corporation and Kim Miller filed a motion to dismiss stating plaintiff did not file this action within 90 days of receiving his right to sue letter as mandated by Title VII and employees are not individually liable under Title VII. Defendant Local 9014 filed a motion for judgment on the pleadings asserting that plaintiff failed to file this action within 90 days of receiving his right to sue letter.

## II. Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion, but materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). Plaintiff attached a copy of his right to sue letter to the complaint in this action.

## III. Hussman and Miller's Motion to Dismiss

Hussman and Miller assert that plaintiff failed to commence this action within ninety days of receipt of his right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff did not file a response to defendants Hussman and Miller's motion. The ninety-day period for filing suit under Title VII begins to run on the day the notice of right to sue letter is received at the most recent address the plaintiff has provided the EEOC. Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989). A notice of right to sue is presumed received three days after it was mailed. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n.1 (1984); Rich v. Bob Downes Chrysler Plymouth, Inc., 831 F. Supp. 733, 735 (E.D. Mo. 1993); Fed. R. Civ. P. 6(e). The 90-day limitation period is not a jurisdictional prerequisite to a federal suit. See Baldwin, 466 U.S. at 150-51. Rather, the 90-day limitation period found in 42 U.S.C. § 2000e-5(f)(1) is similar to a

statute of limitations. Hill, 869 F.2d at 1124. As such, the 90-day limitation period is subject to equitable tolling. Baldwin, 466 U.S. at 151; Hill, 869 F.2d at 1124.

In this action, plaintiff's right to sue letter is dated June 15, 2005. (Compl., Ex. A). In his complaint, plaintiff alleges that he received his right to sue letter on June 15, 2005. (Compl. ¶ 8). Plaintiff filed this action on October 12, 2005, more than ninety days after receipt of the right to sue letter. Plaintiff has not responded to the motions to dismiss regarding the timeliness of filing suit. Based on plaintiff's right to sue letter and the assertions in plaintiff's complaint, the Court concludes that plaintiff's suit is untimely. Therefore, the Court will grant defendants Hussman and Miller's motion to dismiss this action as untimely. See 42 U.S.C. § 2000e-5(f)(1). Because this ruling is dispositive of the case, the Court will deny as moot all other pending motions.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Hussman Corporation and Kim Miller's motion to dismiss is **GRANTED**. [Doc. 16]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with no further action to take place herein for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS FURTHER ORDERED** that defendant Don Gant's motion to dismiss is **DENIED as moot**. [Doc. 21]

**IT IS FURTHER ORDERED** that plaintiff's pro se motions to stay are **DENIED as moot**. [Docs. 24, 27]

**IT IS FURTHER ORDERED** that defendant United Steelworkers of America Local 9014's motion for judgment on the pleadings is **DENIED as moot**. [Doc. 28]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [Doc. 4]

An appropriate order of dismissal will accompany this memorandum and order.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 24th day of July, 2006.